# EXHIBIT A

**COMMONWEALTH OF MASSACHUSETTS**

**BRISTOL, SS.**

**SUPERIOR COURT DEPARTMENT OF THE TRIAL COURT**

**THOMAS D. BROWN, III,**
**Plaintiff,**

**vs** **No.**

**1003 HIGH HOUSE, LLC & SHERWIN WILLIAMS COMPANY, & JOHN DOE d/b/a XYZ CORPORATION,**
**Defendants,**

**COMPLAINT**

**PARTIES AND JURISDICTION**

1. At all times material hereto, Plaintiff, Thomas D. Brown, III ("Plaintiff Brown") was a resident of the City of Fall River, County of Bristol, Commonwealth of Massachusetts.

2. Upon information and belief, at all times material hereto, Defendant, 1003 High House, LLC, ("Defendant High House") was a foreign limited liability company, organized under the laws of the State of North Carolina, and licensed to do business in the Commonwealth of Massachusetts, with a principal place of business located at 506 Bradley Creek Point Road, in the City of Wilmington, County of New Hanover, State of North Carolina.

3. Upon information and belief, at all times material hereto, Defendant, Sherwin Williams Company, ("Defendant Sherwin Williams"), was a foreign corporation, organized under the laws of the State of Ohio, licensed to do business in the Commonwealth of Massachusetts, with a principal place of business located at 101 West Prospect Avenue, in the City of Cleveland, County of Cuyahoga, State of Ohio.

4. Upon information and belief, at all times material hereto, Defendant, John Doe d/b/a XYZ Corporation, ("John Doe Corp."), was a business incorporated under the laws of the Commonwealth of Massachusetts and is subject to the jurisdiction of the Commonwealth of Massachusetts.

5. Defendant High House, Defendant Sherwin Williams and Defendant John Doe Corp. shall collectively be referred to as "the Defendants."

6. The amount in controversy, the nature of the controversy, and the relief requested are sufficient to establish the jurisdiction of this Honorable Court.

## FACTS

7. Plaintiff Brown repeats, realleges, and incorporates by reference each and every allegation herein pleaded.

8. Upon information and belief, at all times material hereto, including on February 20, 2021, Defendant High House was the owner of the real property located at 555 Pleasant Street, in the City of Fall River, County of Bristol, Commonwealth of Massachusetts, ("Premises").

9. Upon information and belief, at all times material hereto, including on February 20, 2021, Defendant Sherwin Williams operated a Sherwin-Williams Paint Store, Store No. 705981, out of the Premises.

10. At all times material hereto, including on February 20, 2021, Defendant John Doe Corp. had been retained by Defendant High House and/or Defendant Sherwin Williams to maintain and care for the Premises.

11. Upon information and belief, at all times material hereto, including on February 20, 2021, the Defendants and/or their agents were responsible for the care, custody and control of the Premises.

12. On February 20, 2021, Plaintiff Brown was lawfully at the Premises when a dangerous condition then existing on the Premises, namely loose and/or lifted floor tiles, caused him to trip and fall, resulting in severe and permanent injuries.

## COUNT I
## Negligence

13. Plaintiff Brown repeats, re-alleges, and incorporates by reference each and every allegation herein pleaded.

14. The Defendants owed duties of care to Plaintiff Brown to exercise reasonable care for his safety as an individual reasonably expected to enter and walk on the Premises.

15. Said duties included an obligation to refrain from creating a dangerous condition and/or to protect Plaintiff Brown against the risk of a dangerous condition existing at the Premises once the Defendants had actual or constructive notice of the same.

16. The Defendants breached said duties of care to Plaintiff Brown by their actions including, but not limited to, negligently allowing the floor of the Premises to be defective, with loose and/or lifted floor tiles, causing Plaintiff Brown to trip and fall. The said dangerous condition existed for a sufficient period of time such that the Defendants knew or should have known of its existence and the hazard it created. The Defendants further breached their duties of care to Plaintiff Brown by negligently allowing the said dangerous condition to exist without adequate precautions, warning signs and/or security.

17. The incident and resulting injuries to Plaintiff Brown were caused by the negligence of the Defendants and/or their agents, without any negligence on the part of Plaintiff Brown.

18. As a direct and proximate cause of said breaches of the Defendants' duties of care, Plaintiff Brown sustained severe, debilitating and permanent injuries to his body and has endured continued pain, anguish and discomfort, and an ongoing loss of earning capacity.

19. As a further result of the Defendants' negligence, Plaintiff Brown was hospitalized and has incurred large expenses associated with hospital bills, doctor bills, ambulance fees and various medicines.

WHEREFORE, Plaintiff, Thomas D. Brown, III, respectfully requests that this Honorable Court:

1. Grant judgment in favor of the Plaintiff, and against the Defendants, Individually, on all counts contained in the Plaintiff's Complaint;

2. Award the Plaintiff compensatory damages;

3. Award the Plaintiff attorneys' fees, costs, and interest; and

4. Grant such other and further relief as this Honorable Court deems just and proper.

**JURY CLAIM**

**PLAINTIFF HEREBY DEMANDS A JURY TRIAL AS TO ALL TRIABLE ISSUES OF RIGHT.**

Plaintiff,
Thomas D. Brown, III,
By his Attorney,

*s/ Heather M. Spellman*
Heather M. Spellman, Esquire #650449
D. Robin Gouveia, Esquire #641895
d'Oliveira & Associates, P.C.
930 Kempton Street
New Bedford, MA 02740
hspellman@dmlaw.com
drgouveia@dmlaw.com
508-984-8400

***Dated: November 8, 2023***